IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DEAN REIMUND,

              Plaintiff,

        vs.                              Civil Action 2:09-CV-505
                                         Judge Marbley
                                         Magistrate Judge King
FAITH, INC., dba
PIZZA HOUSE, *et al.*,

              Defendants.


OPINION AND ORDER

        On June 23, 2009, the United States Magistrate Judge issued an
*Order and Report and Recommendation* granting plaintiff's motion for leave
to proceed *in forma pauperis* but recommending that the case be dismissed
for lack of jurisdiction or for failure to state a claim for relief.
*Order and Report and Recommendation,* Doc. No. 4.  This matter is now
before the Court on plaintiff's objection to the *Report and
Recommendation*, Doc. No. 8, as well as on plaintiff's *Amended Complaint*,
Doc. No. 12.

        Plaintiff, who is proceeding without the assistance of counsel
in this action, appears to challenge the disposition of his Workers'
Compensation claim or claims.  The Magistrate Judge reasoned that the
original complaint failed to state a claim under federal law and failed
to invoke the Court's diversity jurisdiction.  *See* 28 U.S.C. §§1331,
1332.  The Magistrate Judge also noted that the Eleventh Amendment to the
United States Constitution divests this Court of jurisdiction over civil
rights claims for monetary damages asserted against state agencies.
*Order and Report and Recommendation,* p.2, Doc. No. 4.

        After filing his objections, plaintiff sought and was granted

leave to file an amended complaint. The Court will consider, *de novo,* the *Report and Recommendation* and the entire record in this action, including the original and the amended complaints. *See* 28 U.S.C. §636(b); F.R. Civ. P. 72.

The original complaint sought monetary damages and named as defendants plaintiff's apparent employer (which -- like plaintiff -- appears to be a resident of the State of Ohio), the Ohio Bureau of Workers' Compensation, the Industrial Commission of Ohio and the Social Security Administration. *Complaint,* Doc. No. 6. This Court agrees that the Eleventh Amendment precludes plaintiff's claim for monetary damages against the state agencies. *See Edelman v. Jordan,* 415 U.S. 651 (1974). Plaintiff cannot proceed on the claim asserted in the original complaint against the Social Security Administration, if indeed any claim was asserted against that federal agency. *See Affiliated Ute Citizens v. United Citizens,* 406 U.S. 128, 141-42 (1972); *United States v. Sherwood,* 312 U.S. 584, 586 (1941). The Social Security Administration, a federal agency, is immune from any claim asserted by the plaintiff in this case. Because plaintiff and the defendant employer are both residents of the State of Ohio, the Court lacks diversity jurisdiction under 28 U.S.C. §1332.

Plaintiff's amended complaint names as defendants various federal and state agencies, the "Columbus Police," the "Westerville Police," the "Franklin County Sheriffs," and various current or former officials and individuals identified with recent financial scandals involving the Ohio Bureau of Workers' Compensation and the Ohio Industrial Commission. Plaintiff also once again names his former employer as a defendant. *Amended Complaint*, Doc. No. 12. Plaintiff

alleges that the various federal, state and local law enforcement agencies failed or refused to investigate or correct alleged wrongdoing in the Ohio Bureau of Workers' Compensation and the Ohio Industrial Commission. Plaintiff also again expresses his dissatisfaction with the resolution of his Workers' Compensation claims extending back to April 1988. Plaintiff specifically asks that the defendant employer "cover the costs for a hernia which occurred at work on June 18th, 2007." *Amended Complaint,* p.11. The amended complaint also seeks to "privatize" the Bureau of Workers' Compensation, *Amended Complaint,* p. 12, full payment of all of plaintiff's Workers' Compensation claims, additional monetary damages, an order requiring "all law enforcement agencies to cease and desist from conducting business with the Ohio BWC," *id.,* and an order requiring a federal investigation of the state agencies. *Id.*

To the extent that plaintiff bases his claims on the recent financial scandals involving state agencies, those claims cannot proceed. It is well established that a private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles,* 476 U.S. 54, 64 (1986). "[T]he general rule is that a private cause of action is not maintainable under a criminal statute." *Am. Postal Workers Union v. Indept. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973). Moreover, the doctrine of sovereign immunity prohibits suits against the United States except in those instances, not present here, in which the United States has specifically consented to be sued. *Affilitated Ute Citizens,* 406 U.S. at 141; *Sherwood,* 312 U.S. at 586. Similarly, the Eleventh Amendment to the United States Constitution divests this Court of subject matter jurisdiction over any claims sought to be asserted against the defendant state agencies. Finally, because

3

diversity of citizenship is lacking, this Court cannot entertain a claim by plaintiff against his employer.

In short, the Court concludes that the complaint must be dismissed for lack of jurisdiction or for failure to state a claim upon which relief can be granted. Plaintiff's objections to the *Report and Recommendation* are **DENIED.**

The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.

This action is hereby **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

**The Clerk shall enter FINAL JUDGMENT in this action.**

Moreover, the Court concludes that an appeal from the judgment entered in this case would not be taken in good faith.

_s/Algenon L. Marbley_
Algenon L. Marbley
United States District Judge